Certified Mail 9589 0710 5270 3453 ...

FILED
JAMES J. VILT, JR. - CLERK
APR 06 2026
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOHN McCLURE, )
) Civil Action No. 3:26CV-244-JHM
Petitioner, )
)
v. ) PETITION FOR WRIT OF
) MANDAMUS PURSUANT TO
FEDERAL MOTOR CARRIER SAFETY ) 28 U.S.C. § 1361 AND
ADMINISTRATION, and ) 5 U.S.C. § 555(b)
ROBIN HUTCHESON, in her official )
capacity as FMCSA Administrator, ) AND
)
Respondents. ) MOTION TO PROCEED
) IN FORMA PAUPERIS
) PURSUANT TO
) 28 U.S.C. § 1915

PETITION FOR WRIT OF MANDAMUS

INTRODUCTION

Petitioner John McClure, a Kentucky commercial driver's license holder, respectfully petitions this Court for a Writ of Mandamus compelling the Federal Motor Carrier Safety Administration (FMCSA) to act on his pending Clearinghouse petition, which has sat without resolution, without an assigned reviewer, and without any written agency communication for 177 days in violation of the Administrative Procedure Act, 5 U.S.C. § 555(b).

The underlying Clearinghouse entry — entered as a result of a drug test rife with fatal procedural violations of 49 CFR Part 40 — has destroyed Petitioner's ability to work in his chosen profession for 325 days, causing damages exceeding

$142,000. FMCSA has a clear, non-discretionary, ministerial duty to process and resolve Clearinghouse petitions within a reasonable time. It has failed to do so. Petitioner has no other adequate remedy at law. This Court should compel immediate agency action.

---

## PARTIES

---

1. Petitioner John McClure is a resident of Louisville, Kentucky, holder of Kentucky Commercial Driver's License No. M99219723, date of birth January 21, 1983. His contact information is as follows:

   John McClure
   Phone: 502-698-3472
   Email: sonofthemosthigh83@gmail.com

2. Respondent Federal Motor Carrier Safety Administration (FMCSA) is an agency of the United States Department of Transportation, headquartered at 1200 New Jersey Avenue, SE, Washington, DC 20590. FMCSA administers the Drug & Alcohol Clearinghouse pursuant to 49 CFR Part 382, Subpart G, and is responsible for processing and resolving Clearinghouse data correction petitions.

3. Respondent Robin Hutcheson is named in her official capacity as Administrator of the FMCSA. She is sued solely in her official capacity for purposes of compelling agency action.

---

## JURISDICTION AND VENUE

---

4. This Court has jurisdiction pursuant to:

   a. 28 U.S.C. § 1331 — federal question jurisdiction, as this action arises under the laws of the United States, specifically 5 U.S.C. § 555(b) and 49 CFR Part 382;

b. 28 U.S.C. § 1361 — the federal mandamus statute, which grants district courts original jurisdiction to compel officers and employees of the United States to perform duties owed to the Petitioner;

c. 5 U.S.C. §§ 555(b) and 706(1) — the Administrative Procedure Act, which requires agencies to conclude matters presented to them within a reasonable time and authorizes courts to compel agency action unlawfully withheld or unreasonably delayed.

5. Venue is proper in the Western District of Kentucky pursuant to 28 U.S.C. § 1391(e)(1) because Petitioner resides in this district and a substantial part of the events giving rise to this claim — including the drug collection, the MRO verification, and the resulting employment deprivation — occurred in this district.

---

## STATEMENT OF FACTS

---

### A. The Drug Test and Clearinghouse Entry

6. On May 6, 2025, Petitioner underwent a pre-employment DOT urine specimen collection at Concentra Urgent Care, Louisville, Kentucky, in connection with a prospective CDL employer's hiring process. Specimen ID: CF21652689.

7. On June 9, 2025, Medical Review Officer (MRO) Dr. Abraham Hammel of Vault Health verified the specimen as "positive" and reported the result to the FMCSA Drug & Alcohol Clearinghouse through third-party administrator WorkforceQA (agent: Hyrum Bronson).

8. At no time prior to verification did MRO Dr. Hammel contact Petitioner, conduct a donor interview, or advise Petitioner of his right to request split-specimen testing, in direct and willful violation of 49 CFR §§ 40.131, 40.133, and 40.153.

9. Petitioner was never notified of his right to request split-specimen testing within 72 hours of MRO contact, as required by 49 CFR §§ 40.153 and 40.171–40.173. This federally protected procedural right was permanently

extinguished without Petitioner's knowledge.

10. The specimen collection itself was fatally flawed: the collector failed to seal specimen bottles and obtain Petitioner's initials on tamper-evident seals in Petitioner's presence, as required by 49 CFR §§ 40.67 and 40.69. These are fatal flaws mandating cancellation under 49 CFR §§ 40.199–40.205.

11. Upon reporting, the Clearinghouse entry immediately blocked Petitioner from all safety-sensitive CDL functions, effectively ending his commercial driving career as of June 9, 2025.

B. Petitioner's Requests for Records

12. Petitioner formally requested production of all records required under 49 CFR § 40.329, including the Custody and Control Form (CCF), laboratory confirmation data with quantitative values, chain-of-custody records, and MRO contact logs.

13. Neither Vault Health nor WorkforceQA has produced any of the required records. The mandatory 10-business-day production window has long expired. This constitutes an active, continuing violation of 49 CFR § 40.329.

C. The Clearinghouse Petition and Agency Inaction

14. On October 1, 2025, Petitioner filed a formal data correction petition with the FMCSA Drug & Alcohol Clearinghouse challenging the accuracy and validity of the Clearinghouse entry.

Clearinghouse Record ID: TEST.3CYJRY.G4YK
Petition Filed: October 1, 2025
Current Status: "Received"

15. As of the date of this filing, March 27, 2026, Petitioner's petition has remained at status "Received" for 177 consecutive days.

16. During those 177 days, FMCSA has:

a. Failed to assign a reviewer to Petitioner's petition;
b. Failed to issue any written communication to Petitioner regarding the status of his petition;

c. Failed to request any additional information from Petitioner;
d. Failed to take any discernible action whatsoever on Petitioner's petition.

17. Petitioner has attempted to follow up with FMCSA regarding the status of his petition and has received no substantive response.

D. Ongoing Economic Harm

18. As of March 27, 2026, Petitioner has been blocked from CDL employment for 325 consecutive days. At an average daily wage of $230, Petitioner has suffered lost wages of approximately $74,750, with additional damages for lost benefits, emotional distress, reputational harm, and career destruction, bringing total estimated damages to no less than $142,750.

19. These damages increase each day FMCSA fails to act.

---

LEGAL STANDARD FOR MANDAMUS RELIEF

---

20. A writ of mandamus is appropriate where the petitioner demonstrates:

(1) A clear right to the relief sought;
(2) A clear duty on the part of the respondent to perform the act in question; and
(3) No other adequate remedy available.

Heckler v. Ringer, 466 U.S. 602, 616 (1984);
Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976).

21. Under 5 U.S.C. § 706(1), a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed."

22. Under 5 U.S.C. § 555(b), each agency shall proceed to conclude a matter presented to it with due regard for the convenience and necessity of the parties and within a reasonable time.

---

## GROUNDS FOR MANDAMUS RELIEF

---

### GROUND ONE: PETITIONER HAS A CLEAR RIGHT TO RELIEF

23. Petitioner has a clear, legally protected right to have his Clearinghouse petition processed and resolved within a reasonable time. 49 CFR § 382.717 establishes the Clearinghouse data correction process and FMCSA's obligation to review and resolve such petitions. The Administrative Procedure Act, 5 U.S.C. § 555(b), independently creates a right to timely agency action.

24. 177 days of complete inaction on a petition challenging a Clearinghouse entry that has destroyed Petitioner's livelihood is not, by any reasonable standard, timely agency action.

### GROUND TWO: FMCSA HAS A CLEAR, NON-DISCRETIONARY DUTY TO ACT

25. FMCSA's duty to process Clearinghouse petitions is ministerial and non-discretionary. The agency created the Clearinghouse petition process by regulation. Having done so, it cannot simply receive a petition and take no action. The duty to process and resolve the petition is not a matter of agency discretion — it is a mandatory regulatory obligation.

26. The underlying violations of 49 CFR Part 40 — specifically the MRO's failure to conduct a donor interview (§§ 40.131, 40.133), failure to advise Petitioner of split-specimen rights (§§ 40.153, 40.171–40.173), and fatal collection flaws (§§ 40.67, 40.69, 40.199–40.205) — mandate cancellation of the test result as a matter of law. FMCSA has no discretion to ignore mandatory cancellation requirements once brought to its attention through a properly filed petition.

### GROUND THREE: NO OTHER ADEQUATE REMEDY EXISTS

27. Petitioner has no other adequate remedy at law. He has filed his petition through the only available administrative channel. He has attempted to follow up

with the agency. The agency has not acted. There is no administrative appeal of agency inaction available to Petitioner. The only mechanism to compel FMCSA to perform its duty is this Court's mandamus jurisdiction under 28 U.S.C. § 1361.

28. The harm Petitioner suffers is irreparable and ongoing. Every day the Clearinghouse entry remains uncorrected, Petitioner loses approximately $230 in wages and suffers continued damage to his professional reputation and career. Money damages alone cannot fully compensate for the destruction of a professional career.

---

## PRAYER FOR RELIEF

---

WHEREFORE, Petitioner John McClure respectfully requests that this Court:

1. Issue a Writ of Mandamus compelling FMCSA to immediately assign a reviewer to Petitioner's Clearinghouse petition (Record ID: TEST.3CYJRY.G4YK) and provide Petitioner with written notice of the assignment within 14 days of this Court's Order;

2. Issue a Writ of Mandamus compelling FMCSA to issue a final written decision on Petitioner's petition within 30 days of this Court's Order;

3. Issue a Writ of Mandamus compelling FMCSA to conduct a full compliance review of the collection procedure, chain of custody, and MRO verification process for Specimen CF21652689 in light of the mandatory cancellation requirements of 49 CFR §§ 40.67, 40.69, 40.131, 40.133, 40.153, 40.171–40.173, and 40.199–40.205;

4. Issue a Writ of Mandamus compelling FMCSA to order Vault Health and WorkforceQA to produce all records required under 49 CFR § 40.329 within 10 business days of this Court's Order;

5. Upon FMCSA's completion of its review, and upon confirmation of the fatal flaws and Part 40

violations documented herein, issue a Writ of Mandamus compelling FMCSA to immediately cancel Specimen CF21652689 and correct and remove the corresponding entry from the FMCSA Drug & Alcohol Clearinghouse;

6. Retain jurisdiction over this matter to ensure compliance with this Court's Orders; and

7. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

John McClure, Pro Se Petitioner
KY CDL No. M99219723
DOB: January 21, 1983
Phone: 502-698-3472
Email: sonofthemosthigh83@gmail.com
Date: March 27, 2026

---

VERIFICATION

---

I, John McClure, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on March 27, 2026.

John McClure

John McClure
1M S Tanyard Spring's Blvd
Hillview, KY 40129

ail

U.S. POSTAGE PAID
FCM LETTER
HILLVIEW, KY 40129
MAR 27, 2026

40202

$0.14

99

S2324N500925-10

CERTIFIED MAIL®

9589 0710 5270 3453 2149 91

Clerk of the Court
U.S. District Court
Western District of Kentucky
601 West Broadway, Room 106
Louisville, KY 40202

FILED
JAMES J. VILT, JR. - CLERK
APR 06 2026
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

FREEDOM FOREVER/USA